IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00950-PAB

In Re: AMERICAN TITLE SERVICES COMPANY,

    Debtor,

JOHN C. SMILEY, as Chapter 7 Trustee,

    Plaintiff,

v.

CHERYL L. TALLEY, f/k/a/ Cheryl L. Drach, individually and in her capacity as personal representative for the Estate of Richard M. Talley,
ESTATE OF RICHARD M. TALLEY,
PATRICK J. TALLEY, and
JILLIAN TALLEY,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Motion for Entry of Order Withdrawing the Reference of Adversary Proceeding from the Bankruptcy Court to the U.S. District Court for the District of Colorado [Docket No. 2] filed by defendants Cheryl L. Talley ("Ms. Talley"), the Estate of Richard M. Talley (the "estate"), Patrick J. Talley, and Jillian Talley. Plaintiff John C. Smiley (the "trustee") opposes the requested relief, *see* Docket No. 4, and defendants have filed a reply in support of their motion. Docket No. 10. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

The motion for withdrawal of reference arises from an Adversary Proceeding

pending in the United States Bankruptcy Court for the District of Colorado, No. 15-01091-SBB.  American Title Services Company ("debtor") initially filed a chapter 11 voluntary petition on March 12, 2014.  Bankruptcy Case No. 14-12894-SBB (Docket No. 1).  On April 4, 2014, the bankruptcy court converted debtor's bankruptcy case to a chapter 7 proceeding.  *Id.* (Docket No. 63).  The trustee initiated the Adversary Proceeding on February 27, 2015.  Bankruptcy Case No. 15-01091-SBB (Docket No. 1).  This Adversary Proceeding concerns allegedly fraudulent transfers made by Richard M. Talley ("Mr. Talley"), *id.* (Docket No. 1 at 3, ¶ 13), who served as an officer, director, and shareholder of debtor.  *Id.*  The trustee alleges that, beginning in 2007 and continuing until he committed suicide in February 2014, Mr. Talley used various methods to misappropriate funds from debtor and funnel them to himself, Ms. Talley, and their two children.  *Id.* (Docket No. 1 at 5-6, ¶¶ 30-39).  The trustee brings claims for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, and 550 and Colo. Rev. Stat. § 38-8-101 *et seq.* (for actual and constructive fraud), breach of fiduciary duty, aiding and abetting breach of fiduciary duty, civil theft, conversion, unjust enrichment, constructive trust, and civil conspiracy.  *See generally id*.  In April 2015, defendants demanded a jury trial and indicated that they do not consent to a jury trial conducted by the bankruptcy court.  *Id.* (Docket Nos. 5, 12).

## II. ANALYSIS

The district court may withdraw its reference of a case to the bankruptcy court on its own motion or on motion of a party "for cause shown."  28 U.S.C. § 157(d).[1]

---

[1] The district court must withdraw the reference in certain circumstances where the proceedings implicate both the provisions of Title 11 of the United States Code and

Defendants contend that cause has been shown for an immediate withdrawal because (1) many of the claims asserted by the trustee are "non-core" claims and withdrawal will avoid the possibility of inconsistent rulings, and (2) defendants have demanded a jury trial. Docket No. 2 at 4-6, ¶¶ 17-22. In addition, defendants state that judicial economy will be served by withdrawing the reference because two other cases involving the same parties are currently pending in the district court, which gives the district court familiarity with the facts of this case and presents the potential for consolidation. *Id.* at 4, ¶ 17.[2] The trustee responds that the presence of non-core claims and the party's demand for a jury trial do not mandate withdrawal of the reference. Docket No. 4 at 7-10. The trustee further states that withdrawal of the reference will not be more efficient because the bankruptcy court is currently presiding over a related adversary proceeding based on "nearly identical circumstances to this case," *id.* at 11,[3] and because the two cases pending in the district court have not been consolidated, are in front of two different judges, involve different facts, and are unlikely to proceed in their current form. *Id.* at 11-12.

The Court finds that withdrawal of the reference is inappropriate at this time. While a party's right to a jury trial on some or all claims raised in an adversary

---

other sources of federal law. 28 U.S.C. § 157(d). Defendants, however, do not contend that withdrawal is mandatory in this case. Docket No. 10 at 13.

[2]The other cases currently pending in the district court are: (1) *Title Res. Guar. Co. v. Am. Title Servs. Co.*, No. 14-cv-00366-RM-NYW, ("*TRGC*") and (2) *Talley v. Estate of Richard M. Talley*, No. 14-cv-01412-PAB-CBS (the "insurance policy case"), the latter of which is pending before this Court.

[3]The related adversary proceeding is Bankruptcy Case No. 15-1090-SBB and involves funds transferred by debtor to non-party Title Resources Guarantee Company.

3

proceeding may constitute cause for withdrawal of the reference to bankruptcy court, it is within the district court's discretion to determine at what stage in the proceedings the reference should be withdrawn.  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *In re Healthcentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007) (noting that the bankruptcy "system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them"); *In re Hardesty*, 190 B.R. 653, 656 (Bankr. D. Kan. 1995).  Courts in this district have repeatedly held that where the bankruptcy court possesses more familiarity with the facts of a case incident to its management of the bankruptcy proceedings, withdrawal of the reference to bankruptcy court should be delayed until the case is ready for trial.  *See*, *e.g.*, *In re Kirk E. Douglas, Inc.*, 170 B.R. 169, 170 (Bankr. D. Colo. 1994); *In re M & L Bus. Mach. Co., Inc.*, 159 B.R. 932, 934 (Bankr. D. Colo. 1993). Similarly, other courts "universally" hold that "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court."  *In re Healthcentral.com*, 504 F.3d at 787 (collecting cases); *In re Sheldrake Lofts LLC*, 2014 WL 6450340, at *2 (S.D.N.Y. Nov. 15, 2014) ("[a] determination that the Bankruptcy Court does not have final adjudicative authority over a claim does not mean that the reference must be withdrawn").  This practice honors the Seventh Amendment's guarantee that "the right of trial by jury shall be preserved," U.S. Const. amend. VII, while furthering the congressional policies underlying the statutory bankruptcy scheme set forth in Title 11 of the United States Code.  Likewise, the fact that the trustee asserts several non-core claims does not

require withdrawal of the reference. *McCord v. Papantoniou*, 316 B.R. 113, 125 (Bankr. E.D.N.Y. 2004) ("'Because the classification of a matter as core or non-core is not wholly determinative, these factors of judicial economy must be considered regardless of the outcome of' the core/non-core inquiry.") (citation omitted); *Sheldrake Lofts*, 2014 WL 6450340, at *2 ("The Bankruptcy Court may hear a proceeding that is not a core proceeding but that i[s] otherwise related to a case under [T]itle 11, and submit proposed findings of fact and conclusions of law to the district court.").[4]

The Court finds that defendants have not, at this point, demonstrated that withdrawal of the reference would promote judicial economy. Defendants' primary argument concerning efficiency is that, if the reference is withdrawn, this case may be consolidated with two cases currently pending in the district court (one before this Court, one before another judge). *See* Docket No. 2 at 4, ¶ 17. The insurance policy case, currently pending before the Court, was initiated as an interpleader action by Transamerica Life Insurance Company to determine the proper recipient of the proceeds of a life insurance policy that belonged to Mr. Talley. On August 31, 2015, the Court held that Ms. Talley was the rightful beneficiary of the policy and granted partial summary judgment in her favor. *Talley*, No. 14-cv-01412-PAB-CBS (Docket No. 44).[5] The trustee's counterclaims for avoidance and recovery of fraudulent transfers

---

[4] The parties dispute whether the trustee's two fraudulent transfer claims are core or non-core. *See* Docket No. 2 at 5, ¶ 20(a), Docket No. 4 at 7. Because the decision whether to withdraw the reference does not hinge on whether the trustee's complaint includes core as well as non-core claims, the Court need not address this issue.

[5] The Court also held that Transamerica properly invoked interpleader and, as a result, dismissed Transamerica from the case. No. 14-cv-01412-PAB-CBS (Docket No. 44).

and unjust enrichment remain pending. *See id.*; *see also id.* (Docket No. 15 at 10-13). In *TRGC*, one of debtor's creditors brought suit against debtor, Ms. Talley, the estate, and a number of other individuals and entities seeking damages related to Mr. Talley's alleged fraudulent actions. *See generally TRGC*, No. 14-cv-00366-RM-NYW (Docket No. 1). The case has been stayed with respect to the claims against debtor, *see id.* (Docket No. 34), and the parties appear to have agreed to bifurcate the case, first deciding whether the plaintiff's claims are covered by the debtor's insurance policy. *See id.* (Docket Nos. 118, 120). Although the insurance policy case, *TRGC*, and the instant case all concern assets that were allegedly fraudulently transferred by Mr. Talley, it is far from clear that consolidation of this case with the two pending district court actions would be more efficient than allowing the bankruptcy court to administer this case. The insurance policy case involves only a single asset: the life insurance policy proceeds. This case, in contrast, seeks recovery of numerous transfers dating back to 2010, including the alleged use of debtor's funds to pay personal credit card bills, fraudulent payroll transfers, direct transfers from debtor to Mr. Talley, Ms. Talley, and their children (who are not parties to the insurance policy case), and the use of debtor's funds to pay for the Talley family's personal expenses. *See generally* Bankruptcy Case No. 15-01091-SBB (Docket No. 1 at 8-11). *TRGC* involves the claims of a single creditor as opposed to claims brought on behalf of debtor for the benefit of all creditors. Tellingly, no party has sought to consolidate *TRGC* with the insurance policy case even though parties in both cases seek recovery for Mr. Talley's alleged wrongful acts. In sum, the Court is not persuaded that there is any efficiency to be

gained from withdrawing the reference at this time in contemplation of a potential future motion for consolidation.

Moreover, the Court is unpersuaded by defendants' claim that, due to the pendency of *TRGC* and the insurance policy case, the Court has "gained substantially more familiarity with the facts" of the various cases involving Mr. Talley's alleged fraud than the bankruptcy court. Docket No. 2 at 4. As the trustee notes, the bankruptcy court has presided over debtor's bankruptcy case since April 2014. As alleged in the trustee's complaint in the Adversary Proceeding, there are more than 80 claims on file in the underlying bankruptcy case. Bankruptcy Case No. 15-01091-SBB (Docket No. 1 at 11, ¶ 71). Thus, the bankruptcy court likely has more familiarity with the conduct underlying this case than the district court.

While the Court declines to withdraw the reference at this time, the Court notes that it will be appropriate to do so at some point in the future. For instance, it may be appropriate to withdraw the reference at the close of fact discovery so that the Court may resolve any motions for summary judgment. *Cf. Antioch Co. Litig. Trust v. Morgan*, 2012 WL 5845003, at *2 (S.D. Ohio, Nov. 19, 2012) (finding that "it makes good sense to withdraw the reference at the close of fact discovery, so that [the district court] can define the scope of facts and issues to be tried[.]").

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion for Entry of Order Withdrawing the Reference of Adversary Proceeding from the Bankruptcy Court to the U.S. District Court for the

District of Colorado filed by defendants Cheryl L. Talley, the Estate of Richard M. Talley, Patrick J. Talley, and Jillian Talley [Docket No. 2] is **DENIED** without prejudice. It is further

> **ORDERED** that this case is closed.

DATED December 11, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
